
WESTERN DISTRICT OF LOUISIANA
RECEIVED · LAFAYETTE

MAR 0 1 2013

TONY R. MOORE, CLERK
           DEPUTY

**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF LOUISIANA**
**LAFAYETTE DIVISION**

| | |
|---|---|
| Landry | Civil Action No. 11-01661 |
| versus | Judge Richard T. Haik, Sr. |
| Gulf South Supply Corp., et al | Magistrate Judge C. Michael Hill |

## MEMORANDUM RULING

Before the Court is an unopposed[1] motion for summary judgment filed by defendant Delta Rigging & Tools, Inc. ("Delta") [Rec. Doc. 75] seeking dismissal of plaintiff, Garfield Landry's, claims against it. The fact that the motions are unopposed does not necessarily mean defendants should prevail on the merits. "A motion for summary judgment cannot be granted simply because there is no opposition, even if failure to oppose violated a local rule. The movant has the burden of establishing the absence of a genuine issue of material fact and, unless he has done so, the court may not grant the motion, regardless of whether any response was filed." *Hetzel v. Bethlehem Steel Corp.*, 50 F.3d 360, 362 (5th Cir. 1995)(citing *Hibernia Nat'l Bank v. Administracion Cent. Sociedad Anonima*, 776 F.2d 1277, 1279 (5th Cir.1985)). However, failure to file an opposition and statement of contested material facts requires the Court to deem defendants' statements of uncontested material facts admitted for purposes of the motion. *Local Rule, LR 56.2W*.

The undisputed facts of this matter, *R. 57-6, Uncontested Facts*, provide that on September 11, 2010, plaintiff, Garfield Landry, was in the course of his employment with Nacher Corporation assigned to perform blasting/painting work on a Diamond Offshore jack-up rig when the cantilever work platform collapsed allegedly resulting in personal injury to plaintiff. At the time of the accident, Gulf South Oilfield Rentals, Inc. owned the cantilever

---

[1] Pursuant to Local Rule L.R. 7.5W, the deadline for filing any opposition to Delta's motion was January 28, 2013. *LR. 7.5*.

prevail on the merits. "A motion for summary judgment cannot be granted simply because there is no opposition, even if failure to oppose violated a local rule. The movant has the burden of establishing the absence of a genuine issue of material fact and, unless he has done so, the court may not grant the motion, regardless of whether any response was filed." *Hetzel v. Bethlehem Steel Corp.*, 50 F.3d 360, 362 (5th Cir. 1995)(citing *Hibernia Nat'l Bank v. Administracion Cent. Sociedad Anonima*, 776 F.2d 1277, 1279 (5th Cir.1985)). However, failure to file an opposition and statement of contested material facts requires the Court to deem defendants' statements of uncontested material facts admitted for purposes of the motion. *Local Rule, LR 56.2W*.

The undisputed facts of this matter, *R. 57-6, Uncontested Facts*, provide that on September 11, 2010, plaintiff, Garfield Landry, was in the course of his employment with Nacher Corporation ("Nacher") assigned to perform blasting/painting work on a Diamond Offshore jack-up rig when the cantilever work platform collapsed allegedly resulting in personal injury to plaintiff. At the time of the accident, Gulf South owned the cantilever work platform and was leasing it to Nacher. The cantilever work platform was designed and manufactured by New Century in 2005. On August 19, 2005, Delta provided a load cell (scale) to New Century and an employee of Delta witnessed a work platform weight tested to 14,300 pounds. At no time did Delta advise, counsel or direct New Century as to the appropriate weight at which the work platform was to be tested. Delta was not retained to opine as to the appropriate weight test, opine as to whether the platform had been manufactured or inspected properly or inspect the platform. Delta employees did not perform the weight load test for the platform nor did they direct anyone to perform the weight load test. Delta was retained solely to provide the load cell (scale) and to witness the weight at which the platform was weight tested.

In further support of its position, Delta cites the Affidavit of Billy Michael Lindsey, the Vice President of Delta since 1998, *R. 75.3*, as well as the October 23, 2012 Deposition of plaintiff, *R. 75.4*. Lindsey stated that Delta provided a service to New Century in which Delta would bring a load cell (scale) to the New Century fabricating yard and bear witness to the weight test. *R. 75.3*. Lindsey confirmed that Delta had no authority or input as to the appropriate weight at which the platform was to be tested by New Century. *Id.* Rather, a Delta employee merely witnessed the work platform being weight tested to 14,3000 pounds. *Id.* Plaintiff testified that he had no information nor any knowledge as to Delta's alleged fault in this case. *R. 75.4*.

A motion for summary judgment shall be granted if the pleadings, depositions, and affidavits submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. *Fed. R. Civ. P. 56*. If no issue of fact is presented and if the mover is entitled to judgment as a matter of law, the court is required to render the judgment prayed for. *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 561 (1992). Before it can find that there are no genuine issues of material fact, however, the court must be satisfied that no reasonable trier of fact could have found for the non-moving party. *Id.*

Considering the record before the Court, including the uncontested facts as well as the Affidavit of Billy Michael Lindsey and the Deposition of plaintiff, Garfield Landry, there are no issues of material fact that Delta had any fault related to the load testing of Gulf South's cantilever work platform. Accordingly, the Court will grant Delta's motion for summary judgment.

_____
U.S. District Judge Richard T. Haik, Sr.